# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0719V
(not to be published)

| | |
|---|---|
| MARCI TALLEY BANKS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 30, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC,* for Petitioner.

*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

       On May 31, 2017, Marci Talley Banks ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries, including Guillain-Barré syndrome, as a result of an influenza vaccine administered to her on October 18, 2016. (Petition at 1). On August 19, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 98).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated September 8, 2021 (ECF No. 102), requesting $21,195.13 in fees and costs incurred at Turning Point Litigation, and $36,886.48 in attorney fees and costs incurred at Ward Black Law.[3] In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 102-5). Respondent reacted to the motion on September 8, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and defers resolution of the amount to be awarded to my discretion. (ECF No. 103). Petitioner filed a reply on September 8, 2021, requesting that I award all fees and costs requested in Petitioner's application. (ECF No. 104).

I have reviewed the billing records submitted with Petitioner's requests, and find a reduction in the total amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

---

[3] Petitioner requests the total amount of attorney fees be made payable to Turning Point Litigation, which will disburse the incurred amount to Ward Black Law. (ECF No. 28 at 1).

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Nancy Meyers: $350 per hour for time billed in 2016 and 2017; $375 per hour for time billed in 2018; $390 per hour for time billed in 2019; $400 per hour for time billed in 2020; and $430 per hour for time billed in 2021. (ECF No. 102 – 1 at 2 and ECF No. 102-3 at 11-16). The rates for Ms. Meyers have been previously reviewed in other cases and deemed appropriate, and shall be awarded in this matter as well.

## ATTORNEY COSTS

Petitioner requests a total of $11,401.01 in costs. (ECF No. 102 at 1). This amount is comprised of obtaining medical records, expert costs, and the Court's filing fee. I have reviewed all of the requested costs and corresponding information and find a reduction of the expert costs to be appropriate.

Specifically, Petitioner requests a total of $6,351.20 in fees and costs incurred by the planning services of Labor Market Consulting Services dba Mohaupt/Schonbrun Corp, incurred at Ward Black Law. This amount consists of 37.36 hours at $170 per hour. I find the hourly rate reasonable.

However, a reduction is needed for time billed for travel. In the Vaccine Program, attorneys are usually compensated for time spent traveling (when no other work was being performed) at one-half an attorney's approved hourly rate. *See,* e.g., *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Of course, "[e]ach case should be assessed on its own merits," and this approach to travel time is not an ironclad rule. *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

3

Life care planners and other experts are held to the same reasonableness standard as attorneys in the Program, and similarly cannot obtain in most cases more than one-half their hourly rate for travel time. A total of 18 hours was billed as "Initial Interview,Travel," and at the full expert rate requested. As it cannot be differentiated how much time was billed on travel, I will reduce the hours billed for this entry by 50 percent. This reduces the request for costs incurred at Ward Black Law for experts by **$1,530.00**.[4]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$56,551.61**, consisting of $21,195.13 in attorney fees and costs allocated to Turning Point Litigation and $35,356.48 in attorney fees and costs allocated to Ward Black Law. Payment should consist of a lump sum in the form of a check jointly payable to Petitioner and Turning Point Litigation. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of $170 x 18 hrs = $3,060 x .50 = $1,530.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.